IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILD HORSE FREEDOM FEDERATION          )
14910 Wildwood Circle                  )
Magnolia, Texas  77354                 )
                                       )
          Plaintiff,                   )
                                       ) Case No: 18-cv-2175
     v.                                )
                                       )
BUREAU OF LAND MANAGEMENT              )
1849 C Street NW                       )
Washington, DC 20240                   )
                                       )
          Defendant.                   )
_____)

## COMPLAINT

## I.  INTRODUCTION

1.  Plaintiff Wild Horse Freedom Federation ("WHFF") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant Bureau of Land Management (hereinafter "BLM") in failing to provide WHFF with all non-exempt records responsive to its April 21, 2018, FOIA request to this federal agency, seeking the release of agency records from the Wild Horse and Burro Program System (WHBPS) database, and records from any other BLM databases that perform a similar function as the WHBPS database,

for storing and managing wild horse and burro related agency records.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Wild Horse Freedom Federation, is a non-profit organization that, at all times relevant herein, has been headquartered in Magnolia, Texas.

5.  Defendant Bureau of Land Management is federal agency of the United States, and sub-component of the United States Department of the Interior, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about April 21, 2018, WHFF, by and through their attorney Peter Sorenson, sent a FOIA request to the Bureau of Land Management (BLM),seeking the release of the Wild Horse and Burro Program System (WHBPS) database, and agency records pertaining to any database(s) that have replaced, succeeded or are otherwise used by the BLM, to performs the same or similar function as the WHBPS database, in storing and managing data pertaining to wild horses and wild burros.

14.  On or about May 3, 2018 BLM sent an email to WHFF's attorney, Mr. Sorenson, assigning control number 2018-00775 to WHFF's April 21, 2018, FOIA request.

15.  On or about May 29, 2018, WHFF, by and through their attorney Mr. Sorenson, sent an email to BLM requesting an estimated completion date for WHFF's April 21, 2018, FOIA request.

16. On or about July 2, 2018, Plaintiff WHFF, by and through their attorney Peter Sorenson, sent a follow-up email to BLM, once again requesting the agency provide an estimated date of completion for WHFF's April 21, 2018, FOIA request.

17.  On or about July 3, 2018, BLM sent an email to WHFF, estimating the completion date for Plaintiff's April 21, 2018, FOIA request to be 30 business days from the date of this email communication.

18.  As of the date of the filing of this action Plaintiff WHFF has still not received

any of the records it requested for its April 21, 2018, FOIA request to the BLM.

## VII. CLAIMS FOR RELIEF

19. WHFF realleges, as if fully set forth herein, paragraphs 1-18 as previously set forth above.

20. Defendant BLM has violated FOIA by failing to provide WHFF with all non-exempt responsive records for its April 21, 2018, FOIA request.

21. By failing to provide WHFF with all non-exempt responsive record to its April 21, 2018, FOIA request as described in paragraph 13 above, Defendant BLM has denied WHFF's right to this information as provided by the Freedom of Information Act.

22. Defendant BLM has also violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to WHFF's April 21, 2018, FOIA request.

23. By failing to perform an adequate search reasonably calculated to locate all responsive records to WHFF's April 21, 2018, FOIA request, Defendant BLM has denied WHFF's right to this information as provided by the Freedom of Information Act.

24. Unless enjoined by this Court, Defendant BLM will continue to violate WHFF's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

25. WHFF is directly and adversely affected and aggrieved by Defendant BLM's failure to provide responsive records to its FOIA request described above.

26.  WHFF has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

27.  WHFF is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for WHFF, providing the following relief:

1.  Declare Defendant BLM has violated FOIA by failing to provide WHFF with all non-exempt records responsive to its April 21, 2018, FOIA request.

2. Declare Defendant BLM has violated FOIA by failing to complete an adequate search for records responsive to WHFF's April 21, 2018, FOIA request.

3. Direct by injunction that Defendant BLM perform an adequate search for records responsive to its April 21, 2018, FOIA request, and provide WHFF with all non-exempt responsive records to WHFF's April 21, 2018, FOIA request.

4.  Grant WHFF's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

DATED: This 20th day of September, 2018.

Respectfully submitted,

 /s/
Daniel J. Stotter (WI0015)

STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**